IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEBASTIAN CONTRACTING CORP., etc., )
)
Plaintiff, )
)
v. ) No. 11 C 4919
)
FORNEY, L.P., et al., )
)
Defendants. )

MEMORANDUM ORDER

This is one of the ubiquitous actions that have converted what had been an essentially remediless nuisance, the annoying receipt of unsolicited faxes, into a major cottage industry for enterprising lawyers. That transformation has stemmed largely from the congressional enactment of the Telephone Consumer Protection Act, 47 U.S.C. §227, but plaintiffs' counsel typically tack onto their class action complaints invoking that statute some counts brought under state law, which in this state invariably call upon the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act," 815 ILCS 505/2).

That last-mentioned effort is at issue here, where defendants have moved to dismiss Complaint Count III. Counsel for plaintiff Sebastian Contracting Corp. ("Sebastian") have just responded with a 12-page memorandum and a passel of exhibits.

There are no precedential authorities on the issue, either in the state court system, which would otherwise provide the rules of decision, or at the federal court level. Instead the

matter comes down to the proper application of the Illinois Supreme Court's decision in Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 417, 775 N.E.2d 951, 961 (2002), which has provided the definitive standards for application of the Act.

Five years ago this month this Court addressed this very subject in Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc., 443 F.Supp.2d 976 (2006) and--as its colleague Honorable John Grady had done just two months earlier--found that the second and third of the three Robinson-identified factors were lacking to such an extent that they heavily outweighed any positive finding as to the first factor. There is certainly room for argument on the subject, for a number of the judges on this District Court have come down on each side of the issue. But this Court sees no reason to alter its view from that stated in its Rossario's opinion, which might well have been written for this case.[1]

Accordingly defendants' motion to dismiss Complaint Count III is granted. This action will go forward on Sebastian's other claims.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 23, 2011

---

[1] Needless to say, no disrespect is intended here for the views of this Court's colleagues who have gone the other way on the subject. As the Supreme Court's frequent 5-to-4 divisions demonstrate, reasonable persons may disagree on confronted issues.